UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-CV-60956-ZLOCH/ROSENBAUM

NILDA BURGOS,

    Plaintiff,

vs.

WELLS FARGO, and JOHN DOE LOAN OWNER

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, NILDA BURGOS, by and through undersigned counsel, and bring this action against the Defendants, WELLS FARGO and JOHN DOE LOAN OWNER, and as grounds thereof would allege as follows:

1. This is an action for declaratory relief, and for damages that do not exceed $15,000.00, exclusive of interest, costs and attorney's fees, for Defendants' violations of the Truth In Lending Act (hereinafter "TILA") 15 U.S.C. §1601 et seq., and the Real Estate Settlement Procedures Act (hereinafter "RESPA"), 12 U.S.C. §2601 et seq.

2. At all times material hereto, the Plaintiff, NILDA BURGOS, (hereinafter "Plaintiff") was and is a resident of BROWARD County, Florida, and owns a home, which is Plaintiff's primary residence, in BROWARD County .

3. At all times material hereto, Defendant, WELLS FARGO, is and was a loan servicer that services the mortgage upon Plaintiff's primary residence, located at 4186 SW 48th Court, Fort Lauderdale, FL 33314.

4. The Promissory Note signed by Plaintiff in connection with the mortgage serviced by WELLS FARGO is a consumer credit transaction within the meaning of, and subject to, TILA.

5. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1).

6. The owner of the mortgage obligation on Plaintiff's property is unknown because Defendant WELLS FARGO unlawfully failed to furnish said information upon request of Plaintiff's counsel received via certified mail by the Defendant on or about November 12, 2010 (A true and correct copy of said document attached hereto as Exhibit "A").

7. Declaratory relief is authorized under Chapter 86 of the Florida Statutes.

**COUNT I – DECLARATORY RELIEF**

8. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 7 above.

9. The request to identify the owner of Plaintiff's Promissory Note was received by WELLS FARGO on or about November 12, 2010 (see Exhibit "A").

10. WELLS FARGO is obligated to disclose the identity of the owner of the obligation under 15 U.S.C. §1641(f)(2) of TILA, which states in part: *Under written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation.*   15 U.S.C. §1641.

11. WELLS FARGO has failed to or refused to identify the owner of the obligation.

12. Plaintiff has hired Loan Lawyers, LLC to represent her in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE,** the Plaintiff, NILDA BURGOS, respectfully requests this Court to declare that Defendant WELLS FARGO BANK, NA has failed to comply with 15 U.S.C. §1641(f)(2) and issue an ORDER requiring Defendant WELLS FARGO BANK, NA to provide Plaintiff with the information pursuant to 15 U.S.C. §1641(f)(2), to pay Plaintiff for the costs of this action, and any and all further relief as this Honorable Court may deem just and proper.

### COUNT II – VIOLATION OF RESPA

13. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 7 above.

14. RESPA establishes the requirements for how a mortgage loan servicer or lender must conduct its post-closing servicing of the loan.

15. 12 U.S.C. § 2605(e) details the duties and statutory obligations of a loan servicer or lender in receiving and responding to borrower written inquiries.

16. Under RESPA, if a servicer receives a qualified written request (QWR) the servicer must acknowledge receipt of the QWR within twenty (20) days.

17. A QWR is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and  (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

18. The correspondence subject to this Complaint was a QWR under RESPA because it:

    (a) Identified the subject borrower
    (b) Identified the subject loan
    (c) Identified the subject property
    (d) Included a statement of the reasons the borrower believed the account to be in error, (i.e., payments not being credited and collection by entity other than original lender or servicer).

19. "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence *within 20 days* (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).

20. "Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request … the servicer shall **…** (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes-- (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." 12 U.S.C. § 2605(e)(2)(C).

21. Defendant received Plaintiff's QWR on or about November 12, 2010.

22. Defendant failed to provide Plaintiff with requested information in the QWR pursuant to 12 U.S.C. 2605(e)(C)(i).

23. Plaintiff has hired Loan Lawyers, LLC to represent her in this action and has agreed to pay a reasonable attorney's fee.

24. Pursuant to 12 U.S.C. § 2605(f), for WELLS FARGO's failure to comply with RESPA, Plaintiff are entitled to damages in an amount equal to the sum of (a) any actual damages to the borrower and (b) any additional damages that the court may allow, in the cases of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1000.00, along with the costs of this action along with reasonable attorney's fees as determined by the Court.

**WHEREFORE**, the Plaintiff, NILDA BURGOS, respectfully requests this Court enter judgment against Defendant WELLS FARGO BANK, NA for damages together with interest, costs, and attorney's fees pursuant to 12 U.S.C §2605, and any and all further relief as this Honorable Court may deem just and proper.

### COUNT III – VIOLATION OF TILA

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 7 above.

26. The request to identify the owner of the Plaintiff's Promissory Note was received by Defendant WELLS FARGO on or about November 12, 2010 (see Exhibit "A").

27. WELLS FARGO is obligated to disclose the identity of the owner of the obligation under 15 U.S.C. §1641(f)(2) of TILA, which states in part:

> Under written request by the obligor, the servicer shall provide the obligor, to the

*FC-770300* 5

best knowledge of the servicer, with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation. §131 TILA, 15 U.S.C. Section 1641 (2009).

28. WELLS FARGO has failed to or refused to identify the owner of the obligation.

29. WELLS FARGO is the agent of JOHN DOE LOAN OWNER.

30. JOHN DOE LOAN OWNER is required to disclose its identity under TILA, through its agent, WELLS FARGO.

31. JOHN DOE LOAN OWNER failed or refused to disclose its identity.

32. Plaintiff has hired Loan Lawyers, LLC to represent her in this action and has agreed to pay a reasonable attorney's fee.

33. Plaintiff is entitled to the following damages for violations of TILA by Defendant JOHN DOE LOAN OWNER: actual damages sustained by Plaintiff pursuant to 15 U.S.C. §1640(a)(1), statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. §1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. §1640(a)(3).

**WHEREFORE,** the Plaintiff, NILDA BURGOS, demands judgment against Defendant JOHN DOE LOAN OWNER for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. § 1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

*FC-770300*                                6

>LOAN LAWYERS, LLC
>*Attorneys for Plaintiff*
>377 North State Road 7, Suite #202
>Plantation, FL 33317
>Telephone:	(954) 523-4357
>Facsimile:	(954) 581-2786
>
>
>By:	s/Daniel Tam_____
>\_x\_  DANIEL TAM, ESQ.
>FBN 060610
>\_\_\_  NICOLE P. PLANELL, ESQ.
>FBN 072325
>\_\_\_  MATIS H. ABRAVANEL, ESQ.
>FBN 130435
>\_\_\_  MATTHEW D. BAVARO ESQ.
>FBN 175821

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 27, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the following via transmission of Notices of Electronic Filing generated by CM/ECF:

Michael Winston, Esq.
Krisitn Gore, Esq.
Carlton Fields, P.A.
525 Okeechobee Blvd, Ste. 1200
West Palm Beach, FL 33401
*Counsel for Defendant Wells Fargo Bank*
Service by CM/ECF


>/s/Daniel Tam
>Daniel Tam, Esq.

*FC-770300*                                                7